UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| ROBERT STANFORD, | ) | Civil Action No. 5:22-CV-03493-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN O'MALLEY[1], | ) | ORDER |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b), ECF No. 20, and Defendant's Response, ECF No. 22, indicating he neither opposed nor consented to Plaintiff's Petition. On remand, Plaintiff was awarded at least $118,620.00 in past due benefits, 25% of that has been withheld for payment of attorney's fees. Plaintiff requests approval of a fee in the amount of $18,953.97, less the $1,296.97 previously paid to Plaintiff's attorney under the Equal Access to Justice Act (the "EAJA"). This would result in a net total of $17,657.00.

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to 25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling and instructs courts to review for reasonableness fees yielded by such agreements. In addition, if the claimant has been awarded attorney fees under EAJA, the claimant's attorney must refund the

---

[1] Martin O'Malley was confirmed as Social Security Commissioner on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Martin O'Malley for Kilolo Kijakazi as Defendant in this action.

lesser of the two fees to the claimant. *Id*. at 796.

It is now, this 7th day of February, 2024, by the United States District Court for the District of South Carolina, ORDERED that **Timothy Allen Clardy, Esquire** is awarded an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the gross amount of $18,953.97 (or 25% of Plaintiff's past-due benefits, whichever is less). Counsel may retain the $1,296.97 in fees previously awarded under the Equal Access Justice Act, 28 U.S.C. § 2412, in partial satisfaction of the § 406(b) award. This leaves a net amount of $17,657.00 due to counsel.

IT IS SO ORDERED.

February 7, 2024                                                                              Kaymani D. West
Florence, South Carolina                                                          United States Magistrate Judge